1
2
3          UNITED STATES DISTRICT COURT
4              DISTRICT OF NEVADA
5
6   BARRY JAMES CHRISTENSEN II,
                                          Case No. 3:24-CV-00371-ART-CLB
7              Plaintiff,
        vs.                               ORDER ON DEFENDANT'S MOTION
8                                            TO COMPEL ARBITRATION
    FINDLAY ARN, LLC d/b/a AUDI RENO         AND STAY PROCEEDINGS
9   TAHOE, FINDLAY AUTOMOTIVE INC.,                (ECF No.11)
    AND JUSTIN FINDLAY,
10
               Defendants.
11

12          Plaintiff Barry Christensen II brings this action *pro se* against his former

13   employer ("Audi"), alleging violations of the Fair Labor Standards Act, NRS

14   608.100, NRS 613.120, the Family Medical Leave Act, and the Nevada Deceptive

15   Trade Practices Act, as well as claims for Breach of the Implied Covenant of Good

16   Faith and Fair Dealing, and Liability for Personal Injury. Audi moved to compel

17   arbitration, arguing that Christensen's claims are subject to a valid arbitration

18   agreement between the parties. Christensen opposes this motion, arguing that

19   (1) he never assented to the arbitration agreement, and (2) the arbitration

20   agreement is unconscionable. For the reasons discussed below, the Court finds

21   that Defendant has failed to show the existence of an agreement to arbitrate and

22   therefore denies Defendant's motion to compel arbitration.

23   **I.    BACKGROUND**

24          Plaintiff was employed by Defendant Audi as a General Sales Manager for

25   12 years, ending in February of 2024. (ECF No. 12-2 at 4.) Defendant Audi

26   maintains an Employee Handbook, which contains an arbitration agreement on

27   pages 59-60. (ECF No. 12 at 19.) Page 59 of the Handbook begins with a bolded,

28   large-font, underlined heading, "Receipt of the Dealership's Employee

                              1

Handbook." (*Id.*) Directly below the heading are three paragraphs unrelated to the arbitration provision. (*Id.*) Below those paragraphs, approximately halfway down the page, with no heading, the arbitration agreement begins. (*Id.*) The agreement reads in part:

> I also understand that the Dealership utilizes a system of alternative dispute resolution which involves binding arbitration to resolve all disputes that may arise out of the employment context . . . I UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH THE DEALERSHIP AND I GIVE UP OUR RIGHTS TO TRIAL BY JURY OF ANY CLAIM THAT THE DEALERSHIP OR I MAY HAVE AGAINST EACH OTHER.

(*Id.* at 19-20.) Below the arbitration agreement language is a signature line, above which it states:

> MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. (DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGMENT AND AGREEMENT.)

(*Id.*) It is uncontested that Plaintiff never signed this document.

Defendant utilizes an employee software management program, KPA by Vera Suites ("KPA"), in which employees are assigned tasks to complete. (ECF No. 12-2 at 1.) Sometime in January of 2024, the Facilities Director emailed Plaintiff requesting that Plaintiff complete his outstanding tasks in KPA. (*Id.* at 2.) One of the tasks Plaintiff was assigned was titled "AUDI RENO EMPLOYEE HANDBOOK." (*Id.*) Plaintiff "completed" the task in KPA by "clicking on a box and pressing enter to 'acknowledge' receipt" in an online program. (*Id.*) Plaintiff acknowledges that the Employee Handbook was available to him in KPA, but the task did not require him to, and he did not, open the Handbook and read it when he completed the task. (*Id.* at 3.)

Plaintiff resigned from his employment at Audi in February of 2024. (*Id.* at

4.) In July 2024, as he was preparing to file this lawsuit, he requested that a former coworker send him the Employee Handbook. (*Id.*) Plaintiff declares that this was the first time he read the Handbook in its entirety and became aware of the arbitration policy. (*Id.* at 5.) Plaintiff filed his complaint in this action in August of 2024, and Defendants subsequently moved to compel arbitration, arguing that Plaintiff is bound by the arbitration agreement contained in the Employee Handbook. (ECF Nos. 2, 11.)

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). Accordingly, "the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Id.* (*quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014); *see also Mwithiga v. Uber Techs., Inc.*, 376 F. Supp. 3d 1052, 1057 (D. Nev. 2019) (citing *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010)). In deciding a motion to compel, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Accordingly, the Court will find that a contract to arbitrate was formed if Defendant demonstrates, while viewing the evidence in the light most favorable to Plaintiff, "there is no genuine dispute as to any material fact" as to the formation of the arbitration agreement. Fed. R. Civ. Pro. 56(a); *see also Hansen*, 1 F.4th at 672 (a district court considering a motion to compel arbitration must "give to the opposing party the

1  benefit of all reasonable doubts and inferences that may arise"); *Oberstein v. Live*
2  *Nation Ent., Inc.*, 60 F.4th 505, 517 (9th Cir. 2023) (same).

3  ### III.  ANALYSIS

4  #### A. Judicial Admission

5  Defendant first argues that Plaintiff cannot argue that he never assented
6  to the arbitration agreement because he stated in his complaint that "Plaintiff
7  and Defendant Audi entered into an arbitration agreement (Exhibit 1, p. 2) in
8  January 2024 as a condition of Plaintiff's continued employment relationship."
9  (ECF No. 2 at 4.)

10  Judicial admissions are "'formal admissions in the pleadings which have
11  the effect of withdrawing a fact from issue and dispensing wholly with the need
12  for proof of the fact.'" *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th
13  Cir.1988) (quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D.
14  Mich. 1982). "A judicial admission must be deliberate, clear, and unambiguous."
15  *Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 870 (N.D. Cal.
16  2014). "[S]tatements of fact contained in a brief *may* be considered admissions of
17  the party in the discretion of the district court." *Lacelaw*, 861 F.2d 224, 227 (9th
18  Cir. 1988) (emphasis in original). Whether to accept or reject a judicial admission
19  rests with the discretion of the district court. *Nat'l Abortion Fed'n v. Ctr. for Med.*
20  *Progress*, 134 F. Supp. 3d 1199, 1206 (N.D. Cal. 2015) (citing *Singer v. State Farm*
21  *Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997)).

22  The Court will not consider Plaintiff's statement in his complaint to be a
23  judicial admission that he and Defendant entered into a binding arbitration
24  agreement. The Court notes that Plaintiff's complaint was filed *pro se*. *Pro se*
25  pleadings must be construed liberally. *Draper v. Rosario*, 836 F.3d 1072, 180.
26  (9th Cir. 2016). "A document filed *pro se* is 'to be liberally construed, and a *pro*
27  *se* complaint, however inartfully pleaded, must be held to less stringent
28  standards than formal pleadings drafted by lawyers." *Florer v. Congregation*

4

*Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (internal citations and quotation marks omitted). Because Plaintiff's complaint was filed without the help of counsel, the Court is not convinced that Plaintiff's statement in his complaint was "deliberate, clear, and unambiguous." *See Lam*, 65 F. Supp. 3d at 870. The Court therefore declines to consider Plaintiff's statement in the complaint a judicial admission and will proceed to determine whether Defendant has met its burden of showing the existence of an arbitration agreement between the parties.

### B. Existence of Agreement to Arbitrate

"Since arbitration is a creation of contract, a court may compel arbitration only when there is a 'clear agreement' to arbitrate between the parties." *Zamudio v. Aerotek, Inc.*, 733 F. Supp. 3d 931, 938 (E.D. Cal. 2024) (citing *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092-93 (9th Cir. 2014)). Because an agreement to arbitrate is a matter of contract, to determine whether a contract exists, courts "generally . . . apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Nevada has a "fundamental policy favoring the enforceability of arbitration agreements." *Tallman v. Eighth Jud. Dist. Ct.*, 359 P.3d 113, 118 (2015).

However, a court cannot force a party to arbitrate where they have not agreed to do so. *Nat'l Football League v. Gruden*, 548 P.3d 775 (Nev. 2024) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Under Nevada law, "[b]asic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). A meeting of the minds requires agreement to, or "mutual assent," to the terms of a contract. *Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 283 P.3d 250, 255 (Nev. 2012); *Grisham v. Grisham*, 289 P.3d 230, 235 (Nev. 2012). "Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties."

*Alter v. Resort Props. of Am.*, 130 Nev. 1148 (2014) (citation omitted). "If the outward words and acts of the parties can reasonably be interpreted as acceptance, then mutual assent exists." *Id.* (citing Restatement (Second) of Contracts § 19(2) (1981)).

Plaintiff argues that he never assented to the arbitration clause of the Employee Handbook, which is required for the formation of a contract. Defendant concedes that Plaintiff never signed the signature block on page 60 of the Employee Handbook below the arbitration agreement language. However, Defendant argues that Plaintiff assented to the arbitration agreement when he "acknowledged" the employee handbook in KPA. Plaintiff states, and Defendant does not contest, that he was assigned a task in KPA titled "AUDI RENO EMPLOYEE HANDBOOK" that required him to acknowledge receipt of the Employee Handbook. Plaintiff completed the task by "by clicking on a box and pressing enter to 'acknowledge' receipt" in the online program. (ECF No. 12-2 at 2.) Neither party has indicated in their briefing or exhibits what additional language, if any, Plaintiff saw or agreed to when he clicked on the box and pressed enter to "acknowledge receipt."

A court in this District analyzed a similar but distinguishable scenario in *Velasquez v. S.B. Rest. Co.*, No. 2:10-CV-00140-GMN, 2010 WL 4683720 (D. Nev. Nov. 9, 2010). As is the case here, the defendant employer in *Velasquez* had an employee handbook which contained an arbitration clause. *Id.* at *1. The plaintiff had signed an "Acknowledgement of Policies" document as part of new employee orientation. *Id.* The acknowledgment stated in part, "I have received and read a copy of the Elephant Bar Restaurant's employee handbook. I understand and agree that it is my responsibility to familiarize myself and comply with the policies and procedures contained in the handbook." Motion to Compel Arbitration, *Velasquez v. S.B. Restaurant Co.*, No. 2:10-CV-00140 (D. Nev. Feb. 8, 2010), ECF No. 8 at 22. The plaintiff in *Velasquez* argued that there was no agreement to

1    arbitrate because the acknowledgement contained an incorrect date and her

2    signature on the acknowledgement did not establish an agreement to arbitrate.

3    *Velasquez*, 2010 WL 4683720, at *2. The court disagreed, finding that because

4    the plaintiff's personnel file contained the signed acknowledgment and an

5    accompanying arbitration agreement, there was sufficient evidence that an

6    agreement existed between the parties. *Id*. However, the Court notably went on

7    to find that the agreement was unconscionable and thus unenforceable. *Id*. at *3-

8    5.

9        *Velasquez* is distinguishable because the plaintiff in that case signed an

10    acknowledgement form confirming that she had received and read the employee

11    handbook and that she *agreed* that was her responsibility to familiarize herself

12    and comply with the policies in the handbook. Here, there is no evidence that

13    Plaintiff did anything more than acknowledge receipt of the employee handbook,

14    such as confirm that he had read it or agreed to comply with the policies

15    contained therein.

16        It appears that the Nevada Supreme Court has not directly addressed this

17    issue: whether an employee has assented to an arbitration agreement by merely

18    acknowledging receipt of a handbook containing the provision, without more.

19    "Where the state's highest court has not decided an issue, the task of the federal

20    courts is to predict how the state high court would resolve it." *Giles v. Gen. Motors

21    Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir.2007) (quotation omitted). "In

22    answering that question, this court looks for 'guidance' to decisions by

23    intermediate appellate courts of the state and by courts in other jurisdictions."

24    *Id*. (quotation omitted). Nevada looks to "the law of other jurisdictions,

25    particularly California, for guidance." *Crockett & Myers, Ltd. v. Napier, Fitzgerald

26    & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009). Two California Court of

27    Appeals cases, as well as an Eighth Circuit decision address the factual

28    circumstances present here more directly. These cases show that courts have

1    denied motions to compel where an employee merely acknowledged having
2    received an employee handbook or policy absent evidence they agreed to
3    arbitrate.

4        In *Mitri v. Arnel Mgmt. Co.*, 157 Cal. App. 4th 1164 (2007), plaintiff
5    employees had similarly signed an acknowledgement of receipt of an employee
6    handbook which contained an arbitration provision. The end of the arbitration
7    provision in the handbook stated that "[e]mployees will be provided a copy of their
8    signed arbitration agreement." *Id.* at 1168. However, defendants presented no
9    arbitration agreement signed by plaintiffs. *Id.* Rather, defendants relied on the
10   signed acknowledgement form which stated in part, "[m]y signature
11   acknowledges that I have read and understood the statements above as well as
12   the contents of the Handbook, and will direct any questions to my supervisor or
13   the Director of Human Resources." *Id.* The court held that there was no
14   agreement between the parties on two bases. First, the arbitration provision's
15   language "only placed plaintiffs on notice that they would be called upon to sign
16   a separate binding arbitration agreement," which suggested that the handbook
17   itself did not create an agreement between the parties to arbitrate. *Id.* at 1171-
18   72. Second, "[c]onspicuously absent from the acknowledgment receipt form is
19   any reference to an *agreement* by the employee to abide by the employee
20   handbook's arbitration agreement provision." *Id.* at 1173. Thus, even though the
21   plaintiffs had signed a form saying they had read the handbook, there was no
22   language indicating that they *agreed* to its provisions. *See id.* Accordingly,
23   defendants failed to show the existence of an agreement to arbitrate. *See id.*; *see*
24   *also Esparza v. Sand & Sea, Inc.*, 2 Cal. App. 5th 781, 790 (2016) (defendants
25   failed to show agreement to arbitrate where acknowledgment form signed by
26   employee did not state that she agreed to abide by the arbitration agreement
27   within the handbook). Both *Mitri* and *Esparza* differ from the facts of *Velasquez*,
28   where the plaintiff signed an acknowledgment form in which she *agreed* to comply

8

1    with the policies contained in the handbook.

2        The Eighth Circuit's decision in *Shockley v. PrimeLending*, 929 F.3d 1012

3    (8th Cir. 2019), is also instructive. In that case, the defendant employer similarly

4    maintained its handbook online. *Id.* at 1016. Both shortly after she began

5    working for defendant and again as part of a required "annual policy review," the

6    plaintiff opened an internal computer network which contained various

7    employment-related company documents. *Id.* Upon opening the network, she was

8    advised that by entering into the system she acknowledged her review of the

9    materials. *Id.* at 1019. The plaintiff "us[ed] a computer mouse to click and open

10   various company documents," including an employee handbook, which

11   contained an arbitration provision. *Id.* at 1016. When the handbook was clicked

12   on, the system generated an automatic acknowledgement of review, and a pop-

13   up window containing a hyperlink to the full text of the handbook would appear

14   on the screen. *Id.* The plaintiff did not open or review the full text during this

15   process. *Id.* The Eighth Circuit held that mere review of materials did not

16   constitute an "acceptance" as is required for the formation of a contract under

17   Missouri law. *Id.* at 1019-20. The plaintiff therefore did not form an agreement

18   with her employer to arbitrate disputes and could not be compelled into

19   arbitration. *Id.* at 1020.

20       The problem with Defendant's argument here is that it has failed to provide

21   to the Court any information about what additional language, if any, Plaintiff saw

22   when he "acknowledged receipt" of the employee handbook in KPA. The case law

23   discussed above indicates that where an employee signs a form acknowledging

24   receipt of an employee handbook, whether the language of the acknowledgment

25   indicates an *agreement* to the handbook's terms is dispositive of whether an

26   agreement was formed. Because here Defendant has provided no evidence that

27   Plaintiff's acknowledgement of receipt of the handbook constituted an agreement

28   to its terms, the facts of this case are akin to those of *Mitri*, *Esparza*, and

*Shockley*—all cases in which the courts found that defendants had failed to show the existence of an agreement to arbitrate. The Court thus finds that Defendant has also failed to show the existence of an agreement to arbitrate here and will deny Defendant's motion to compel.

Because the Court finds that Defendant has failed to show the existence of an agreement to arbitrate, the Court does not address Plaintiff's argument that the arbitration agreement is unconscionable.

## IV.    NEXT STEPS

The Federal Arbitration Act "makes clear that '[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.'" *Hansen*, 1 F.4th at 672 (quoting 9 U.S.C. § 4). "To implement this language, once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." *Id.*

The Ninth Circuit has "confirmed that the FAA's procedure mirrors the three phases of federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary." *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 833 (9th Cir. 2022). The present motion to compel arbitration is akin to the first phase: a motion to dismiss. As Defendant did not show it had an agreement to arbitrate with Plaintiffs as a matter of law, the case moves to the next phase: discovery. After discovery, the parties may brief under the summary judgment standard whether the record establishes as a matter of law that Plaintiff entered into an arbitration agreement with Defendant. If there remains a genuine dispute, the case will proceed to trial on the issue of the making of an arbitration agreement.

1

## V.     CONCLUSION

2

It is therefore ordered that Defendant's motion to compel arbitration and

3

stay proceedings (ECF No. 11) is DENIED without prejudice.

4

The Court orders parties to meet and confer and file a status report within

5

30 days. The status report should address the schedule for any additional

6

discovery, the deadline for filing a renewed motion to compel arbitration, and the

7

parties' respective positions on trial.

8

9

Dated this 24th day of April 2025.

10

11

12

_____
ANNE R. TRAUM
13
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11