UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY JAMES CHRISTENSEN, II,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FINDLAY ARN LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-CV-00371-ART-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DEEM DEFENDANTS' REQUESTS ADMITTED**<br><br>[ECF No. 55] |

　　　　Before the Court is Plaintiff Barry James Christensen, II's ("Christensen") motion to deem Defendant Findlay ARN ("Audi Reno Tahoe") requests for admission as admitted. (ECF No. 55.) Audi Reno Tahoe responded, (ECF No. 63), and Christensen replied. (ECF No. 63.)  For the reasons stated below, Christensen's motion to deem Audi Reno Tahoe's requests for admission as admitted, (ECF No. 55), is denied.

　　　　Christensen filed the motion to deem Defendant Audi Reno Tahoe's requests for admission ("RFAs") as admitted on November 3, 2025. (ECF No. 55.) Christensen concluded that the motion did not present a discovery dispute subject to the Court's informal discovery dispute procedure and thus filed a full motion. (*Id.* at 1.) The Court held a hearing regarding the motion and informed Christensen that he was incorrect and that the motion was subject to the Court's informal discovery dispute procedure. (ECF No. 60.) However, the Court ordered that full briefing proceed on the motion in the interest of preserving judicial resources. (*Id.*)

　　　　Christensen argues that Audi Reno Tahoe's requests for admission be deemed admitted based on improper verification of Audi Reno Tahoe's responses. (ECF No. 55 at 6.) Christensen's argument is based on the following timeline of events:

　　　　Christensen states he served the RFAs in question upon Audi Reno Tahoe on July 14, 2025. (*Id.*) Audi Reno Tahoe served responses on Christensen on August 20, 2025, which were verified by counsel for Audi Reno Tahoe. (*Id.*) Christensen requested

clarification of the identity of the person who provided the RFAs. (*Id.*) Audi Reno Tahoe identified Randee Anderson ("Anderson") as the corporate representative and provided a sworn verification from her on August 27, 2025. (*Id.*)

On October 20, 2025, Christensen sent correspondence to counsel for Audi Reno Tahoe regarding perceived deficiencies in the discovery responses and alleged that Anderson perjured herself in responding to the RFAs. (*Id.* at 39.) Counsel for Audi Reno Tahoe responded and specifically addressed the allegations of impropriety against Anderson. (*Id.*) In so doing, Counsel stated, in relevant part:

> First, Ms. Anderson is not a party to this litigation. She did not answer the Requests for Admission propounded to Defendant Audi. These discovery responses are on behalf of the corporate entity, your former employer, Defendant Audi.

(*Id.*)

In his motion, Christensen argues that this statement by Counsel "nullifies that verification and leaves no operative signature at all." (*Id.* at 7.) Christensen admits that Rule 36 permits verification of RFAs through counsel's signature alone. (*Id.*) However, he asserts that the supplemental verification negated the original verification. (*Id.*)

Audi Reno Tahoe opposed the motion. (ECF No. 63.) Audi Reno Tahoe argues that while Counsel's letter to Christensen could have been more clear, what Counsel meant was that the RFAs provided were not on behalf of Anderson herself, but rather on behalf of Audi Reno Tahoe. (*Id.* at 3-4; ECF No. 63-2 at 4 (declaration of Counsel).) Audi Reno Tahoe further argues that supplemental verification was not necessary but was given to be cooperative with Christensen's request for identification of the individual identified as Audi Reno Tahoe's corporate representative. (ECF No. 63 at 4-5.) Audi Reno Tahoe also argues that Christensen provides no support for his assertion that the voluntary supplementation of Anderson's verification supersedes Counsel's certification. (*Id.* at 5.)

Christensen filed a lengthy reply brief that addresses multiple issues not relevant to the instant motion. (ECF No. 66.) Christensen confusingly argues that Audi Reno

Tahoe's response did not explain the contradiction between Anderson's verification and Counsel's letter, seemingly overlooking Audi Reno Tahoe's clear explanation that the letter was not worded correctly and that Counsel only meant to clarify that Anderson was not acting as an individual but rather as the corporate representative. (*Id.* at 5.) Christensen then argues that "[n]o Nevada or Ninth Circuit precedent addresses responses served with counsel's certification and voluntary corporate verification where counsel later states that the verifier 'did not answer.'" (ECF No. 66 at 4.) However, that misstates the actual issue. Christensen again misinterprets Counsel's statement which attempted to clarify that the verifier was not answering on behalf of herself but rather was answering as the <u>corporate designee</u>. The fact that no caselaw addresses when a verifier did not answer is entirely irrelevant because, as Christensen himself admits, Rule 36 permits verification of RFAs <u>through counsel's signature alone</u>.

As to Christensen's argument that Anderson's verification superseded or negated Counsel's signature, he provides no authority to support this contention. Rule 36(a)(3) clearly states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter *and signed by the party or its attorney*." (emphasis added.) Counsel for Audi Reno Tahoe signed the RFAs, and there is no provision in Rule 36 regarding supplemental signatures. Audi Reno Tahoe was not required to supplement the verification nor are they required to authenticate that supplementation.

Therefore, having reviewed the parties' filings and for the reasons stated above, the Court finds that Christensen's motion lacks merit and was improper. Contrary to Christensen's arguments, the RFAs were properly verified by counsel and so ends the inquiry. As already explained above, Christensen's other arguments either lack merit, misinterpret the case law and/or holdings cited, or are based on a lack of understanding of the role of a corporate designee in litigation. Thus, for all of the reasons stated above, Christensen's motion is denied.

Before concluding, however, the Court will once again issue a strong and

1  unambiguous warning to Christensen regarding this litigation and his self-representation going forward. First, Christensen is reminded that the Court is not bound by holdings of the Nevada Supreme Court or other Nevada Courts. The Court is also not bound by the decisions of <u>other</u> Federal District Courts – regardless of whether the court is within the District of Nevada. LR IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge (unless the doctrines of law of the case, res judicata, or collateral estoppel otherwise apply) and does not constitute the rule of law in this district."). Binding precedent for this Court is issued by the Ninth Circuit Court of Appeals or the United States Supreme Court. Any other authority is merely persuasive authority and is not binding on this Court in this litigation. Thus, Christensen's repeated citations to Nevada state court cases or to other District Courts is not binding upon this court. While citing to persuasive authority can be helpful in situations where the Ninth Circuit or Supreme Court has not issued a ruling, the Court is not bound to follow that caselaw and Christensen should be cognizant of that going forward – not only in filings made to the Court but in his interactions with opposing counsel during meet and confer sessions or attempts to resolve discovery disputes going forward.

Furthermore, Christensen's repeated attempts to circumvent the Court's informal discovery process will not be tolerated. As the Court explained to Christensen at the hearing, his motion does constitute an issue properly resolved by the informal discovery process. However, in his reply, Christensen again argues that full briefing was proper and that Nevada law mandates such briefing. (ECF No. 66 at 3.) Christensen cites to a Nevada state court case to support this statement. However, again, this Court is a *federal court* that is not bound by *state court* rulings and this Court's Standing Order is valid and applicable to this case. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.') (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)).

Although the Court declines to issue sanctions at this juncture, Christensen is warned that future attempts to circumvent this Court's Standing Order or the filing of any additional unfounded and unsupported motions **will not be tolerated** and **will result in sanctions.**

**IT IS THEREFORE ORDERED** that Christensen's motion to deem the RFAs admitted, (ECF No. 55), is **DENIED**.

**DATED**: December 31, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**